UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     GEORGE H. ASKEW,
2.     ROMELL E. BULLOCK,
3.     GREGORY A. COLLINS,
4.     GEORGE A. GADDY,
5.     DELBERT J. GARDNER,
6.     RICHARD JOHNSON,
7.     SHEPS H. KHAMSAHU,
**8.     ERIC LUGO**,
9.     LAWRENCE T. MARTIN,
10.    JOHNIE A. MYERS,
11.    DARELL R. PARKER,
12.    CALVIN R. RILEY,
**13.    COREY L. RILEY**,
14.    THOMAS A. SCHRAH, JR.,
15.    JAMES R. SWITZER, and
16.    CLIFFORD M. WRIGHT,

       Defendants.

## ORDER PERMITTING
## DISCLOSURE OF GRAND JURY TRANSCRIPTS
## FOR OFFICIAL PURPOSES ONLY

       THIS MATTER comes before the Court on the Government's Motion to Permit

Disclosure of Grand Jury Transcripts Before Trial (Motion) **(#550)**. Having reviewed the

Motion,

       **IT IS ORDERED** that the Motion is **GRANTED** and the Government shall be permitted

to disclose grand jury transcripts to the defense, for official use only, in this case before trial

pursuant to Fed.R.Crim.P. 6(e)(3)(E)(i), Rule 16(d), and the All Writs Act at Title 28 U.S.C. §

1651. The Court is familiar with this case and the applicable provisions of law. Having reviewed the file and being sufficiently advised in the premises, the Court finds and concludes as follows:

Rule (6)(e)(3)(E) provides in part that the "court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand jury matter: (i) preliminarily to or in connection with a judicial proceeding. . ." Rule (6)(e)(3)(F) provides in part that, when the government files a motion for disclosure, the hearing on said motion may be done *ex parte*.

In this case, as in many cases, there are competing considerations of trial efficiency and grand jury confidentiality. The government's motion suggests some conditions which would accommodate the best interests of justice served by Fed.R.Crim.P. 6 and 26.2. Being now sufficiently advised in the premises, the Court hereby orders that the government may disclose to the active defense counsel of record in this case transcripts of grand jury testimony considered by the grand jury (whether on paper or by means of electronic media) in relation to the indictment or superseding indictments, if any, of the above named defendants set for jury trial in this case.

The receipt of said grand jury material shall be subject to certain conditions. The Court directs and hereby orders that: (1) copies of grand jury transcripts or other material provided to the defense counsel of record shall remain in the personal control of counsel — although the defendant may review the Grand Jury transcript or material, the grand jury transcripts and material shall not be entrusted to the defendant outside of the presence of counsel; (2) although a print-out for official use only may be permitted, no further publication or duplication of such grand jury transcripts or material shall be made without permission of the Court; and (3) any

grand jury transcripts or material disclosed pursuant to this order, including print-outs from electronic media, shall to be delivered to the United States Attorney's Office after the conclusion of the case. Any grand jury transcripts or material received pursuant to this order shall be used for official purposes only.

DATED this 6th day of July, 2012.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge